UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOLONDA M. WEST,

        PLAINTIFF,

    - AGAINST -

DELORAS BRICKMAN AM NURSE/O.C.D.H.,
CARLOS TORRES PM & AM NURSE, O.C.D.H.,
JASON BERGER PM & AM NURSE/O.C.D.H.,
VALERIE ZEPPLIN DAY SHIFT/O.C.J.,
DIANE TUTTLE DAY SHIFT/O.C.J.,
SANDRA DAWNSON PM SHIFT NURSE/O.C.H.D./OCJ,
MAURA AM SHIFT NURSE/O.C.H.D./OCJ,

        DEFENDANTS.
------------------------------------------------------------X

07-CV-7260 (PKC/DCF)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BRICKMAN'S MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendant, Doloris Brigman (improperly sued as "Deloras Brickman"), respectfully submits this Memorandum of Law in support of her motion to dismiss.

## STATEMENT OF FACTS

Defendant respectfully refers the Court to the Declaration of Kelly M. Monroe, submitted herewith, for a statement of the facts upon which this motion is based.

## ARGUMENT

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED

In determining a Federal Rule of Civil Procedure (FRCP) 12(b)(6) motion the court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. Smith v. Masterson, 2006 WL2975393, *2 (S.D.N.Y. Oct. 17, 2006). A complaint may

**THUILLEZ, FORD, GOLD, BUTLER & YOUNG, LLP**

be dismissed where it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Smith, 2006 WL2975393, *2.

"It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" Smith, 2006 WL2975393, *2, quoting Morabito v. Blum, 528 F.Supp. 252, 262 (S.D.N.Y. 1981), superseded on other grounds as recognized in Hines v. Sullivan, 806 F.Supp. 413 (W.D.N.Y. 1992); see also, Pierce v. Chautauqua County, Slip Copy, 2007 WL2902954, *3 (W.D.N.Y. Sept. 28, 2007).

Here, although plaintiff has named the moving defendant in the caption, there are no allegations whatsoever stated against Ms. Brigman ("Brickman"). The only place, other than the caption, where the name "Brickman" appears is a vague reference in section 2C of the Complaint, which makes no allegation of any kind and only indicates a date. Consequently, the Complaint, as against Ms. Brigman ("Brickman"), must be dismissed.

Moreover, plaintiff's Complaint should be dismissed with prejudice. When an amended complaint would be futile, a court need not grant leave to replead. Smith, 2006 WL2975393, *3, citing Van Buskirk v. The New York Times Co., 325 F.3d 87, 92 (2d Cir. 2003). The plaintiff's Complaint makes no reference or allegation of any constitutional violations. In fact, plaintiff's Complaint states that "[t]he medical staff was negligent..." (Complaint, section 5). It is well settled that "simple negligence, or an inadvertent failure to provide adequate medical care, even if it amounts to medical malpractice, is insufficient to establish deliberate indifference, or any other constitutional deprivation." Torres v Alers, 2005 WL2372741, *2 (S.D.N.Y. September 26, 2005) quoting Pabon v Goord, 2003 WL1787268, *3 (S.D.N.Y. March 28, 2003), citing Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

## CONCLUSION

Here, plaintiff's Complaint names Ms. Brigman ("Brickman") as a defendant in the caption, but the body of the Complaint does not state any allegations whatsoever against her. As such, the Complaint fails to state a claim for which relief can be granted and should be dismissed as to Ms. Brigman ("Brickman"). Moreover, as the Complaint indicates the plaintiff's allegation that the medical staff was, in her opinion, negligent, and fails to allege, even indirectly, any constitutional violation, it would be futile to allow plaintiff to replead and the Complaint should be dismissed with prejudice.

**WHEREFORE**, the moving defendant respectfully requests that the Court grant this motion, dismissing plaintiff's Complaint as against the moving defendant, in its entirety and with prejudice, together with such other and further relief as the Court deems just and appropriate.

Dated: March 21, 2008

*[signature]*
Kelly M. Monroe (KM7546)
*Attorneys for Defendant*
20 Corporate Woods Blvd.
3rd Floor
Albany, New York 12211
(518) 455-9952

cc:   Yolanda Michelle West, *Pro Se*
      #07-2701
      Orange County Jail
      110 Wells Farm Road
      Goshen, NY 10924

**THUILLEZ, FORD, GOLD, BUTLER & YOUNG, LLP**

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 2975393 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d)**

Smith v. Masterson  
S.D.N.Y.,2006.  
Only the Westlaw citation is currently available.  
United States District Court,S.D. New York.  
Kenneth SMITH, Plaintiff,  
v.  
Donna M. MASTERSON, et al., Defendants.  
**No. 05 Civ. 2897(RWS).**

Oct. 17, 2006.

*MEMORANDUM OPINION*

SWEET, J.  
*1 Defendant Adirondack Audiology Associates ("Adirondack") has moved pursuant to Rules 6(b)(2) and 12(c), Fed.R.Civ.P., for an enlargement of time to answer the complaint, and for judgment on the pleadings. *Pro se* plaintiff Kenneth Smith ("Smith") has moved pursuant to Rule 12(f), Fed.R.Civ.P., to strike Adirondack's affirmative defenses. For the reasons set forth below, Adirondack's motions are granted, Smith's motion is moot, and all claims against Adirondack are dismissed.

*The Parties*

At all times relevant to his complaint (the "Complaint"), Smith was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). (*See* Compl. ¶ II.) According to the Complaint, Smith has been diagnosed as deaf. (Compl. ¶ IV.1 .)

Adirondack is an audiology practice that maintains an office at SUNY Potsdam, 222 Flagg Hall, 44 Pierrepont Avenue, Potsdam, New York.

*Prior Proceedings*

This action was commenced on March 16, 2005, by the filing of the Complaint against named and unnamed employees of DOCS, as well as several medical providers, including Adirondack. The Complaint alleges violations of Smith's rights under the Americans with Disabilities Act, 42 U.S.C. § 12312*etseq.,* and the Rehabilitation Act of 1973, 29 U.S.C. § 794*etseq.* The Complaint further alleges various constitutional violations, as well as state-law claims of assault and medical malpractice.

Adirondack was served with a copy of the Complaint on or about September 21, 2005. Adirondack's answer, which asserted six affirmative defenses, was served on Smith on April 18, 2006 and filed on April 27, 2006.

By letter dated April 20, 2006, Smith moved to strike Adirondack's affirmative defenses pursuant to Rule 12(f).

On May 19, 2006, Adirondack moved pursuant to Rules 6(b)(2) and 12(c) for an enlargement of time, *nunc pro tunc,* to answer the Complaint, for judgment on the pleadings, and also opposed Smith's motion to strike. This motion was promptly served on Smith, but was not properly filed until August 2, 2006.

Smith opposed Adirondack's motion by letter dated June 15, 2006.

Adirondack replied in support of its motion on June 30, 2006, although the memorandum of law was not properly filed until August 3, 2006, when both motions were marked fully submitted.

Smith responded to Adirondack's reply by letter dated July 12, 2006, and submitted additional documents (which were voluminous, and in many cases, duplicative) in support of his Complaint by letters dated August 5 and August 28, 2006.

*The Motion For Enlargement Of Time Is Granted*

Rule 6 provides that the Court may extend the time

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 2975393 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

to answer a complaint "upon motion made after the expiration of the specified period ... where the failure to [answer] was the result of excusable neglect...."Fed.R.Civ.P. 6(b)(2). As the Second Circuit has noted, the question whether "failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."*Raymond v. Int'l Bus. Mach. Corp.,* 148 F.3d 63, 67 (2d Cir.1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

*2 In the instant case, a pre-answer motion to dismiss was timely filed on July 18, 2005 on behalf of Adirondack's codefendants Donna Masterson, Glenn Goord, William Phillips, John Serhan, Byron Rodas (collectively, the "DOCS Defendants"), and Keith Walsh ("Walsh"). However, the docket report inaccurately states that the motion was filed on behalf of all the defendants, including Adirondack. Adirondack claims that it relied on the docket report in error, and did not learn that the motion to dismiss had not been filed on its behalf until April 2006, whereupon it promptly filed its answer. There is no indication that Adirondack's six-month delay in filing an answer was due to bad faith. Nor is there any showing of prejudice to Smith, as the case is still in its initial stages. At the time Adirondack filed its answer, decision was still pending on the motion to dismiss filed by Adirondack's codefendants,[FN1] and discovery had not yet officially commenced. Smith's claim that he provided "voluntary" discovery to one of Adirondack's codefendants does not establish that he was in any way prejudiced by Adirondack's delay in answering the Complaint. Accordingly, Adirondack's time to answer the Complaint is hereby extended, *nunc pro tunc,* to April 27, 2006.

> FN1. The motion to dismiss was granted in part and denied in part by opinion dated September 29, 2006, *Smith v. Masterson,* No. 05 Civ. 2897(RWS), familiarity with which is assumed.

*The Motion For Judgment On The Pleadings Is Granted*

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."*Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001).See*Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987). In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *See*Irish *Lesbian & Gay Org.,* 143 F.3d at 644. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle plaintiff to relief. *See*Sheppard, 18 F.3d at 150. All allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. *D'Alessio v. New York Stock Exchange, Inc.,* 258 F.3d 93, 99 (2d Cir.2001). In deciding the motion, the court can consider documents referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of or relied on in bringing the suit.*Hughes v. Lillian Goldman Family, L.L.C.,* 153 F.Supp.2d 435, 439 (S.D.N.Y.2001).

This Court recently granted codefendant Walsh's motion to dismiss all claims against him for failure to state a claim, and the same result is compelled here. Although Adirondack is named as a defendant in this action, it otherwise is not mentioned by name in the Complaint. The only oblique reference to Adirondack within the text of the Complaint itself is Smith's statement that "two (bilateral) hearing aids were prescribed ... on December 3, 1997...." (Compl.¶ IV.1.) In a grievance filed at Sing Sing Correctional Facility at March 31, 2003,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 2975393 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

Smith noted that the hearing aids "had been issued to me on 12/3/97 by Audiologist Keith P. Walsh (of Adirondack Audiology Associates of N.Y. & Vt.)." (Grievance No. 37218, Compl. Ex. F.) In the Complaint, Smith acknowledges that the prescription of hearing aids on December 3, 1997 marked a break in the "continuous discriminatory treatment of plaintiff via failing to afford him the requested reasonable accommodations of hearing aids (from March 28, 1995 thru [sic] December 2, 1997 and from March 19, 2003 to date...." (Compl. ¶ IV.3.) Because these sparse allegations are insufficient to state any claim whatsoever against Adirondack, all claims against Adirondack must be dismissed. *See Dove v. Fordham Univ.,* 56 F.Supp.2d 330, 335 (S.D.N.Y.1999) ( "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." ' (quoting *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D.N.Y.1981))).

*3 When an amended complaint would be futile, a court need not grant leave to replead. *See Van Buskirk v. The New York Times Co.,* 325 F.3d 87, 92 (2d Cir.2003). Because even a liberal reading of the Complaint suggests that no valid claim could be stated against Adirondack, Smith's claims against Adirondack should be dismissed with prejudice. *See Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991).

Because the Court has found that Adirondack has presented a meritorious defense of failure to state a claim, Smith's motion to strike Adirondack's affirmative defenses is denied.

*Conclusion*

For the reasons set forth above, Adirondack's motions are granted, Smith's motion is denied, and all claims against Adirondack are dismissed with prejudice.

It is so ordered.

S.D.N.Y.,2006.  
Smith v. Masterson  
Not Reported in F.Supp.2d, 2006 WL 2975393 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.