

COUNTY OF ORANGE

**EDWARD A. DIANA**
County Executive

**Department of Law**
GOVERNMENT CENTER, 255 Main Street
GOSHEN, NEW YORK 10924  TEL: (845) 291-3150

**DAVID L. DARWIN**
County Attorney

# MEMO ENDORSED

June 4, 2008

RECEIVED
JUN - 6 2008
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

The Hon. P. Kevin Castel
United State District Judge
United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08

RE:   West v. Brickman, et al.
      Case No. 07 CV 7260

Dear Judge Castel:

    This office represents Valerie Zepplin and Diane Tuttle in the above-referenced action. We request a pre-motion conference concerning our proposed motion to dismiss the action against both defendants.

    Plaintiff brings her action under 42 U.S.C. §1983, alleging that defendants Zepplin and Tuttle violated her rights when she was an inmate at the Orange County Correctional Facility, and they failed to bring her ice to reduce the ankle pain that she experienced following surgery. She also brings her action against various medical staff employed at the Orange County Correctional Facility, alleging that they failed to provide her with the medication she was prescribed. Zepplin and Tuttle are non-medical corrections officers, and Plaintiff does not allege that they had any authority to provide her with medication. Her allegations against them are limited to the provision of ice.

    It is unclear what constitutional violation Plaintiff is alleging. If, in fact, she is alleging an Eighth Amendment violation, she will need to establish that Officers Tuttle and Zepplin were deliberately indifferent to her serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Their actions must create a "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

    There have been several written decisions involving similar facts, in which an inmate claims that he was not provided with the ice or other minor treatment that would have reduced his discomfort and courts have held that this does not rise to the level of deliberate indifference. In both *Chatin v. Artuz*, 28 Fed.Appx. 9 (2d Cir. 2001) and *Johnson v. Snow*, No. 04-CV-632 (N.D.N.Y. May 27, 2008), the courts held that the delay in providing medication and painkillers to an inmate with, respectively, a sprained ankle and a fractured left hand, did not rise to the level of a constitutional violation.

www.orangecountygov.com

DEPARTMENT OF LAW/DAVID L. DARWIN, COUNTY ATTORNEY

Defendant Tuttle also seeks to dismiss the complaint against her because she has not been personally served in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. This lawsuit was filed on September 24, 2007 in the U.S. District Court for the Southern District of New York. Rule 4(m) requires that plaintiff serve the summons and complaint on each defendant within 120 days after the filing of the complaint. The failure to do so justifies a dismissal of the action with prejudice. The 120 day time period within which Ms. Tuttle was required to be served expired on January 22, 2008. There is no justifiable reason to extend the deadline for proper service of this action on Officer Tuttle, particularly since over eight months have passed since the filing of the Complaint and the plaintiff has not sought any permission from the Court to extend her time for service.

We plan to submit a motion to dismiss based on the arguments set forth above and request a pre-motion conference in accordance with your individual rules. If it is at all possible, we would like to appear telephonically. If you prefer that we appear in person, we are prepared to do so.

Very truly yours,

Laura Wong-Pan
Senior Assistant County Attorney

cc:   Yolanda West (by mail to last known residential address)
      Kelly M. Monroe, Esq.
      Risk
      CSI, Inc.

*[Handwritten note:]* Premotion conference waived. Motion to be filed by July 9, 2008. Response of plaintiff due August 8. Reply of any due August 20. Attention is called to Local Rule 12.1.

SO ORDERED
[signature] USDJ
6-9-08