**MEMO ENDORSED**

# Thuillez, Ford, Gold, Butler & Young
LIMITED LIABILITY PARTNERSHIP

Attorneys at Law

20 Corporate Woods Boulevard
Albany, New York 12211
Telephone: (518) 455-9952
Telecopier: (518) 462-4031
www.thuillezford.com


RECEIVED
JUL 14 2008

July 10, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/08

Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Yolanda Michelle West v. Deloras Brickman AM Nurse/O.C.D.H., Carlos Torres PM & AM Nurse, O.C.D.H., Jason Berger PM & AM Nurse/O.C.D.H., Valerie Zepplin Day Shift/O.C.J., Diane Tuttle Day Shift/O.C.J., Sandra Dawnson PM Shift Nurse/O.C.H.D./OCJ, Maura AM Shift Nurse/O.C.H.D./OCJ
           Case No.: 07-CV-7260
           Our File No.: 40.7020

Dear Judge Castel:

    This office represents Doloris Brigman (improperly sued as "Deloras Brickman") and Carlos Torres, in the above-referenced action. We request a pre-motion conference concerning our proposed motion to dismiss the action against these defendants.

    Plaintiff brings her actions under 42 U.S.C. § 1983, alleging that the above-noted defendants violated her rights when she was an inmate at the Orange County Correctional Facility and these defendants allegedly failed to provide her with pain medication, post-ankle surgery, in a timely manner.

    Plaintiff's Complaint does not specifically identify what constitutional violation she is claiming. If she is, in fact, alleging an Eighth Amendment violation, she will need to establish that these defendants were deliberately indifferent to her serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1967). Their actions must create a "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

    There have been written decisions in which an inmate claims that the administration of medication was delayed and that the medication would have reduced or avoided an increase in pain or symptoms and the courts held that such delay did not rise to the level of deliberate indifference. Davidson v. Harrison, 960 F. Supp. 644, 648-649 (W.D.N.Y. 1997); see also Evans v. Bonner, 196 F. Supp. 2d 252 (E.D.N.Y. 2002).

Honorable P. Kevin Castel
July 10, 2008
Page 2 of 3

     We plan to submit a motion to dismiss based on the argument set forth above and request a pre-motion conference in accordance with your individual rules. If possible, we would like to appear telephonically, however, we are able to appear in person if you prefer.

Respectfully submitted,

Thuillez, Ford, Gold, Butler & Young, LLP

*Kelly Monroe*
Kelly M. Monroe

KMM/ks

cc:   Laura Wong-Pan
      Senior Assistant County Attorney
      County of Orange
      Department of Law
      Government Center
      255 Main Street
      Goshen, NY 10924

     Yolanda Michelle West, *Pro Se*
     46 Overlook Place
     Newburgh, New York 12550

[Handwritten annotation by judge:] Defendant Buchman's previously filed motion to dismiss (Docket #11) is deemed withdrawn; Defendants Buchman and Torres' pre-motion conference request to file a motion to dismiss is granted to the extent that the conference requirement is waived. The motion must be filed by July 29, as well as any other motion by any defendant. Plaintiff's time to respond to all motions to dismiss (including the motions by Tuttle and Zepplin) is adjourned to August 22. The time of all defendants to reply, if a reply is desired, is extended to September 5. Defendants Buchman and Torres are alerted to Local Rule 12.1. Counsel is cautioned that all facts alleged in the complaint will be accepted as true for the purpose of the motion and all reasonable inferences drawn in plaintiff's favor. They should seriously consider reserving arguments and motion to the summary judgment phase after the close of all discovery. SO ORDERED. [signature] 7-14-08