```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
YOLONDA M. WEST,                                            :
                                                            :
                        Plaintiff,                          :    07 Civ. 7260 (PKC) (DF)
                                                            :
        -against-                                           :    MEMORANDUM
                                                            :    AND ORDER
DELORAS BRICKMAN, et al.,                                   :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X
```

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action brought under 42 U.S.C. § 1983, plaintiff Yolanda M. West ("Plaintiff"), proceeding *pro se*, has asked the Court to request *pro bono* counsel to represent her. (*See* Application for the Court To Request Counsel, dated Mar. 6, 2008 ("Counsel Application") (Dkt. 8).) For the reasons set forth below, the application is denied without prejudice.

## BACKGROUND

On July 10, 2007, Plaintiff filed a Complaint in this action (*see* Complaint, dated, July 10, 2007 (Dkt. 2)[1]), and, on September 20, 2007, she filed an Amended Complaint (*see* Amended Complaint, dated September 20, 2007 ("Am. Compl.") (Dkt. 5)). Plaintiff's claim arose while she was incarcerated in the Orange County Correctional Facility (the "Facility"), although she has now apparently been released from the Facility. In her Amended Complaint, Plaintiff alleges

---

[1] Although Plaintiff's Complaint was not docketed until August 15, 2007, it is deemed filed as of July 10, 2007, when Plaintiff declared under penalty of perjury that she delivered it to prison authorities for mailing to the Court. *See, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000). Similarly, with respect to any other papers filed by Plaintiff while she was incarcerated, the Court will deem the date that Plaintiff signed the papers to be their filing dates.

1

that the nursing staff at the Facility failed, *inter alia,* to provide her with prescribed medication following reconstructive foot surgery, causing her to suffer significant pain and other adverse consequences. (*See* Am. Compl. at p. 3, ¶ II(D).) Liberally construed, the Amended Complaint pleads that Defendants violated Plaintiff's constitutional rights under the Eighth Amendment, by being deliberately indifferent to her serious medical needs.

On March 6, 2008, Plaintiff filed an application with this Court to request counsel on her behalf. (*See* Counsel Application.) Subsequently, certain defendants answered the Amended Complaint (*see* Dkt. 14, 25, 28, 31, 35), while others moved to dismiss it pursuant to Fed. R. Civ. P. 12(b) (*see* Dkt. 36, 40). Plaintiff has not yet filed an opposition to any outstanding dismissal motion.

## DISCUSSION

Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. *Barzey v. Daley*, No. 99 Civ. 11917 (BSJ) (KNF), 2000 WL 959713, at *1 (S.D.N.Y. July 11, 2000). Thus, the Court may not simply "appoint" counsel to represent an indigent plaintiff. The Court may, however, under 28 U.S.C. § 1915(e)(1), request an attorney to represent any person unable to afford counsel. Here, Plaintiff was granted permission to proceed *in forma pauperis* by this Court on August 14, 2007 (Dkt. 1.) Therefore, Plaintiff has demonstrated that she is indigent and cannot afford counsel.

In deciding whether to request *pro bono* counsel for an indigent plaintiff, "[a] district [court] should first determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). In order to make such a determination, the Court must decide

whether, "from the face of the pleadings," *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) (citations omitted); *see also Hodge*, 802 F.2d at 60-61.  While the Court should not appoint counsel "indiscriminately" just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must find that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

      In this case, Plaintiff alleges that she had surgery on her foot, after which she was returned to the Facility, where she was supposed to receive ice packs and prescribed pain and blood pressure medication.  (Am. Compl., at p. 3, ¶ II(D).)  She claims that, despite her requests, she did not receive either the ice or the prescribed medication, and that she was also given "the wrong medication."  (*Id.*)  As a result of her allegedly inadequate medical care, Plaintiff claims that she suffered from "enormous swelling and pain; severe headaches . . .; anxiety attacks, severe depression, loss of weight, [and] mood swings."  (*Id.*, at ¶ III.)  These allegations, if proven, may be sufficient to demonstrate that Defendants were deliberately indifferent to Plaintiff's medical needs, if Defendants knew that Plaintiff was in pain or if there was an obvious risk that, without the prescribed medical care, Plaintiff would suffer pain.  *See, e.g., Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003).  As Plaintiff's allegations thus appear, on the face of the Amended Complaint, to have at least some "chance[] of success," Plaintiff has satisfied the requirement that she make a "threshold showing of merit."  *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir 1989).

3

Where a plaintiff satisfies the threshold requirement of demonstrating that her position is likely to be of substance, the Court should then consider factors such as: (1) the plaintiff's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination. *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95 (citing *Hodge*). The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

Here, in support of her application for counsel, Plaintiff states only that she has a "lack of knowledge in [c]ivil [l]aw" and a desire not "to do anything that would jeopardize [her] case." (Counsel Application, at ¶ 2.) Such general assertions, standing alone, are not sufficient to justify a request for counsel.

As Plaintiff is apparently no longer incarcerated, she should not face restrictions on her ability to investigate her claims. Further, Plaintiff has not shown that she will have actual difficulty presenting her case to the Court. The facts appear to involve a limited time frame, in which Plaintiff claims that she was denied adequate post-operative care. While Section 1983 claims can be complex, the narrow focus of this case suggests that neither the facts nor the legal issues they raise will be overly complicated. Especially with the Court's supervision of discovery, Plaintiff should be able to obtain the medical records and other evidence she needs to develop her case for trial. And, while certain facts may be in dispute, it is premature to determine that the major proof in the case will be conflicting, thus implicating the need for cross-

4

examination.  Plaintiff also has not demonstrated any special reason – such as a language barrier or mental disability – why appointment of counsel would be more likely to lead to a just determination in this action.

Finally, although Plaintiff asserts that she has written to several attorneys in an unsuccessful attempt to gain assistance in advancing her case (*see* Counsel Application, at ¶ 3), she has not supported her assertion with any specifics or documentation, and thus the Court cannot determine how extensive her efforts have been.  Plaintiff also states that she is "still trying to obtain counsel," suggesting that she may still be able to find counsel on her own, without the Court's assistance.

Upon considering all of the relevant factors, the Court concludes that an order requesting that *pro bono* counsel take on this case would not be warranted at this time.  Plaintiff's motion is therefore denied without prejudice to Plaintiff's right to renew her application, should complex issues be raised on any motion, or should the case reach the trial stage.  Further, if at any time it becomes more apparent to the Court that Plaintiff is not able to proceed effectively without the assistance of counsel, then the Court may reconsider whether to request *pro bono* counsel to assist her.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request counsel (Dkt. 8) is denied without prejudice.

Dated: New York, New York
August 6, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Ms. Yolanda Michelle West
46 Overlook Place
Newburgh, NY 12550

Kelly M. Monro, Esq.
Thuillez, Ford, Gold, Johnson & Butler
20 Corporate Woods Blvd., 6th floor
Albany, NY 12211

Laura Wong-Pan, Esq.
Senior Assistant County Attorney
County of Orange Department of Law
Government Center, 255 Main Street
Goshen, NY 10924